UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CTB, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARTING MFG. OF IOWA, INC., | Case No. 3:09CV 375 <br><br> JURY TRIAL DEMAND |

## COMPLAINT

Plaintiff, CTB, Inc. ("CTB" or "Plaintiff") avers as follows:

### The Parties

1. CTB is a company organized and existing under the laws of the State of Delaware and has its principle place of business at 611 N. Higbee Street, Milford, Indiana 46542.

2. CTB is the assignee of record of United States Patent No. 6,526,913, United States Patent No. 6,766,765, United States Patent No. 6,976,450, and United States Patent No. 7,134,402.

3. CTB is a leading manufacturer of indexed feed dispensing mechanisms.

4. Upon information and belief, Defendant Marting Mfg. of Iowa, Inc. ("Marting" or "Defendant") is a Domestic Corporation, organized and existing under the laws of the State of Iowa and has its principle place of business at 551 3rd Ave., SE, P.O. Box 67, Britt, Iowa 50423.

## Jurisdiction and Venue

5.     This Court has original jurisdiction over the subject matter of this action pursuant to the provisions of Title 28, United States Code ("U.S.C.") §§ 1331 and 1338(a), because the action arises under the Patent Laws of the United States, Title 35 U.S.C. § 100, et seq.

6.     Upon information and belief, Marting is subject to personal jurisdiction in this district because, *inter alia*, it directly and through its agents regularly does, solicits, and transacts business in the Northern District of Indiana, such as by selling or offering to sell products including indexed rectangular Hog Feeders sold or offered for sale under the name Smidley.

7.     Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and (c) and § 1400(b).

## COUNT I

### Infringement of United States Patent No. 6,526,913

8.     CTB hereby incorporates by reference the allegations set forth in paragraphs 1 through 7 as if fully set forth herein.

9.     On March 4, 2003, United States Patent No. 6,526,913 ("the '913 patent"), entitled "Indexed Feed Dispensing Mechanism" was duly and legally issued to Staco, Inc., as assignee. A copy of the '913 patent is attached hereto as Exhibit A.

10.    Staco, Inc. assigned the '913 patent to CTB IP, Inc. A true and accurate copy of that patent assignment is attached hereto as Exhibit B.

11.    CTB IP, Inc. assigned the '913 patent to CTB, Inc. A true and accurate copy of that patent assignment is attached hereto as Exhibit C.

12.    Possessing all substantial rights to the '913 patent and the '913 patent being in full force and effect, CTB has the right to sue for any infringement thereof.

13. Upon information and belief, Marting is infringing the '913 patent, either directly or contributorily, by making, using, selling, offering for sale, or supplying indexed feed dispensing mechanisms, including indexed rectangular Hog Feeders sold or offered for sale under the name Smidley, or actively inducing the infringement of the '913 patent by making, using, selling or offering for sale such indexed feed dispensing mechanisms, all in violation of 35 U.S.C. § 271 et seq., and will continue to do so unless enjoined by this Court.

14. By reason of Marting's acts of infringement, CTB has suffered and is suffering damages, including impairment of the value of the '913 patent, in an amount yet to be determined.

15. Marting's acts of infringement are causing irreparable harm to CTB and will continue to cause irreparable harm unless enjoined by this Court.

16. Upon information and belief, Marting's continued infringement of the '913 patent is willful and justifies a trebling of damages pursuant to 35 U.S.C. § 284. Further, this is an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT II

### Infringement of United States Patent No. 6,766,765

17. CTB hereby incorporates by reference the allegations set forth in paragraphs 1 through 16 as if fully set forth herein.

18. On July 27, 2004, United States Patent No. 6,766,765 ("the '765 patent"), entitled "Indexed Feed Dispensing Mechanism" was duly and legally issued to CTB IP, Inc., as assignee. A copy of the '765 patent is attached hereto as Exhibit D.

19. CTB IP, Inc. assigned the '765 patent to CTB, Inc. A true and accurate copy of that patent assignment is attached hereto as Exhibit C.

3

20. Possessing all substantial rights to the '765 patent and the '765 patent being in full force and effect, CTB has the right to sue for any infringement thereof.

21. Upon information and belief, Marting is infringing the '765 patent, either directly or contributorily, by making, using, selling, offering for sale, or supplying indexed feed dispensing mechanisms, including indexed rectangular Hog Feeders sold or offered for sale under the name Smidley, or actively inducing the infringement of the '765 patent by making, using, selling or offering for sale such indexed feed dispensing mechanisms, all in violation of 35 U.S.C. § 271 et seq., and will continue to do so unless enjoined by this Court.

22. By reason of Marting's acts of infringement, CTB has suffered and is suffering damages, including impairment of the value of the '765 patent, in an amount yet to be determined.

23. Marting's acts of infringement are causing irreparable harm to CTB and will continue to cause irreparable harm unless enjoined by this Court.

24. Upon information and belief, Marting's continued infringement of the '765 patent is willful and justifies a trebling of damages pursuant to 35 U.S.C. § 284. Further, this is an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT III

### Infringement of United States Patent No. 6,976,450

25. CTB hereby incorporates by reference the allegations set forth in paragraphs 1 through 24 as if fully set forth herein.

26. On December 20, 2005, United States Patent No. 6,976,450 ("the '450 patent") entitled "Indexed Feed Dispensing Mechanism" was duly and legally issued to CTB IP, Inc., as assignee. A copy of the '450 patent is attached hereto as Exhibit E.

27. CTB IP, Inc. assigned the '450 patent to CTB, Inc. A true and accurate copy of that patent assignment is attached hereto as Exhibit C.

28. Possessing all substantial rights to the '450 patent and the '450 patent being in full force and effect, CTB has the right to sue for any infringement thereof.

29. Upon information and belief, Marting is infringing the '450 patent, either directly or contributorily, by making, using, selling, offering for sale, or supplying indexed feed dispensing mechanisms, including indexed rectangular Hog Feeders sold or offered for sale under the name Smidley, or actively inducing the infringement of the '450 patent by making, using, selling or offering for sale such indexed feed dispensing mechanisms, all in violation of 35 U.S.C. § 271 et seq., and will continue to do so unless enjoined by this Court.

30. By reason of Marting's acts of infringement, CTB has suffered and is suffering damages, including impairment of the value of the '450 patent, in an amount yet to be determined.

31. Marting's acts of infringement are causing irreparable harm to CTB and will continue to cause irreparable harm unless enjoined by this Court.

32. Upon information and belief, Marting's continued infringement of the '450 patent is willful and justifies a trebling of damages pursuant to 35 U.S.C. § 284. Further, this is an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

### COUNT IV

### Infringement of United States Patent No. 7,134,402

33. CTB hereby incorporates by reference the allegations set forth in paragraphs 1 through 32 as if fully set forth herein.

5

34. On November 14, 2006, United States Patent No. 7,134,402 ("the '402 patent"), entitled "Method of Constructing An Indexed Feed Dispensing Mechanism" was duly and legally issued to CTB IP, Inc., as assignee. A copy of the '402 patent is attached hereto as Exhibit F.

35. CTB IP, Inc. assigned the '402 patent to CTB, Inc. A true and accurate copy of that patent assignment is attached hereto as Exhibit C.

36. Possessing all substantial rights to the '402 patent and the '402 patent being in full force and effect, CTB has the right to sue for any infringement thereof.

37. Upon information and belief, Marting is infringing the '402 patent, either directly or contributorily, by making, using, selling, offering for sale, or supplying indexed feed dispensing mechanisms, including indexed rectangular Hog Feeders sold or offered for sale under the name Smidley, or actively inducing the infringement of the '402 patent by making, using, selling or offering for sale such indexed feed dispensing mechanisms, all in violation of 35 U.S.C. § 271 et seq., and will continue to do so unless enjoined by this Court.

38. By reason of Marting's acts of infringement, CTB has suffered and is suffering damages, including impairment of the value of the '402 patent, in an amount yet to be determined.

39. Marting's acts of infringement are causing irreparable harm to CTB and will continue to cause irreparable harm unless enjoined by this Court.

40. Upon information and belief, Marting's continued infringement of the '402 patent is willful and justifies a trebling of damages pursuant to 35 U.S.C. § 284. Further, this is an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

BDDB01 5804983v1

## RELIEF REQUESTED

WHEREFORE, CTB requests that the Court enter a judgment in CTB's favor against Marting, and provide CTB the following relief:

A.  Order, adjudge and decree that Marting has infringed the '913 patent, the '765 patent, the '450 patent and the '402 patent in violation of 35 U.S.C. § 271;

B.  Issue preliminary and permanent injunctive relief prohibiting Marting and its respective parents, subsidiaries, principals, officers, directors, agents, attorneys, employees and all others in privity with it from infringing the '913 patent, the '765 patent, the '450 patent and the '402 patent, pursuant to 35 U.S.C. § 283;

C.  Award CTB its damages for patent infringement, and prejudgment interest and costs against Marting pursuant to 35 U.S.C. § 284;

D.  Order, adjudge and decree that Marting's infringement of the '913 patent, the '765 patent, the '450 patent and the '402 patent, has been deliberate, willful and wanton;

E.  Order, adjudge and decree that Marting's infringement of the '913 patent, the '765 patent, the '450 patent and the '402 patent has been exceptional under 35 U.S.C. § 285;

F.  Trebling said damage award under 35 U.S.C. § 284;

G.  Award CTB its reasonable attorneys' fees under 35 U.S.C. § 285; and

H.  Award such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), CTB hereby demands a trial by jury for each and every issue so permitted by law and statute.

7

Dated: August 14, 2009

Respectfully submitted,

*[signature]*

David P. Irmscher
Kathryn E. Anderson
BAKER & DANIELS LLP
111 East Wayne Street, Ste. 800
Fort Wayne, IN 46802
(260) 424-8000
(260) 460-1700 Fax
david.irmscher@bakerd.com
kathryn.anderson@bakerd.com

and

HARNESS, DICKEY & PIERCE, P.L.C.
George D. Moustakas
5445 Corporate Drive, Suite 200
Troy, MI 48098-2683
(248) 641-1600
(248) 641-0270 Fax
gdmousttakas@hadp.com

*Attorneys for Plaintiff CTB, Inc.*

BDDB01 5804983v1