UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CTB, INC., | Case No. 3:09-cv-00375-JVB-CAN |
| Plaintiff, | Honorable Joseph S. Van Bokkelen |
| v. | **DEFENDANT MARTING MFG. OF IOWA, INC.'S ANWER TO COMPLAINT AND AFFIRMATIVE DEFENSES** |
| MARTING MFG. OF IOWA, INC. | |
| Defendant. | |

## ANSWER

Defendant Marting Mfg. of Iowa, Inc. responds to CTB, Inc.'s Complaint as follows:

### The Parties

1. CTB is a company organized and existing under the laws of the State of Delaware and has its principle place of business at 611 N. Higbee Street, Milford, Indiana 46542.

**ANSWER**: Marting lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2. CTB is the assignee of record of United States Patent No. 6,526,913. United States Patent No. 6,766,765, United States Patent No. 6,976,450, and United States Patent No. 7,134,402.

**ANSWER**: Marting lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

3. CTB is a leading manufacturer of indexed feed dispensing mechanisms.

**ANSWER**: Marting denies the allegations in this paragraph because they are untrue.

4. Upon information and belief, Defendant Marting Mfg. of Iowa, Inc. ("Marting" or "Defendant") is a Domestic Corporation, organized and existing under the laws of the State of Iowa and has its, principle place of business at 551 3rd Ave., SE, P.O. Box 67, Britt, Iowa 50423.

**ANSWER**: Marting admits the allegations in this paragraph.

### Jurisdiction and Venue

5. This Court has original jurisdiction over the subject matter of this action pursuant to the provisions of Title 28, United States Code ("U.S.C.") §§ 1331 and 1338(a), because the action arises under the Patent Laws of the United States, Title 35 U.S.C. § 100, et seq.

**ANSWER**: Marting does not dispute this Court's ability to exercise subject matter jurisdiction in this case.

6. Upon information and belief, Marting is subject to personal jurisdiction in this district because, inter cilia, it directly and through its agents regularly does, solicits, and transacts business in the Northern District of Indiana, such as by selling or offering to sell products including indexed rectangular Hog Feeders sold or offered for sale under the name Smidley.

**ANSWER**: Marting does not contest this Court's personal jurisdiction over Marting. To the extent that this paragraph is intended to state further factual allegations, Marting denies those allegations.

7. Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) and (c) and § 1400(b).

**ANSWER**: Marting does not contest that venue is proper in this district.

## COUNT I

### Infringement of United States Patent No. 61526,913

8.      CTB hereby incorporates by reference the allegations set forth in paragraphs 1 through 7 as if fully set forth herein.

**ANSWER**:    Marting incorporates by reference all preceding paragraphs.

9.      On March 4, 2003, United States Patent No. 6,526,913 ("the '913 patent") entitled "Indexed Feed Dispensing Mechanism" was duly and legally issued to Staco, Inc., as assignee. A copy of the '913 patent is attached hereto as Exhibit A.

**ANSWER**:    Marting lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10.     Staco, Inc. assigned the '913 patent to CTB IP, Inc. A true and accurate copy of that patent assignment is attached hereto as Exhibit B.

**ANSWER**:    Marting lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11.     CTB IP, Inc. assigned the '913 patent to CTB, Inc. A true and accurate copy of that patent assignment is attached hereto as Exhibit C.

**ANSWER**:    Marting lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12.     Possessing all substantial rights to the '913 patent and the '913 patent being in full force and effect, CTB has the right to sue for any infringement thereof.

**ANSWER**:    Marting lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. Upon information and belief, Marting is infringing the '913 patent, either directly or contributorily, by making, using, selling, offering for sale, or supplying indexed feed dispensing mechanisms, including indexed rectangular Hog Feeders sold or offered for sale under the name Smidley, or actively inducing the infringement of the '913 patent by making, using, selling or offering for sale such indexed feed dispensing mechanisms, all in violation or 35 U.S.C. § 271 et seq., and will continue to do so unless enjoined by this Court.

**ANSWER**:   Marting denies the allegations in this paragraph because they are untrue.

14. By reason of Marting's acts of infringement, CTB has suffered and is suffering damages, including impairment of the value of the '913 patent, in an amount yet to be determined.

**ANSWER**:   Marting denies the allegations in this paragraph because they are untrue.

15. Marting's acts of infringement are causing irreparable harm to CTB and will continue to cause irreparable harm unless enjoined by this Court.

**ANSWER**:   Marting denies the allegations in this paragraph because they are untrue.

16. Upon information and belief, Marting's continued infringement of the '913 patent is willful and justifies a trebling of damages pursuant to 35 U.S.C. § 284. Further, this is an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

**ANSWER**:   Marting denies the allegations in this paragraph because they are untrue.

## COUNT II

### Infringement of United States Patent No. 6,766,765

17. CTB hereby incorporates by reference the allegations set forth in paragraphs 1 through 16 as if fully set forth herein.

**ANSWER**:   Marting incorporates by reference all preceding paragraphs.

18.   On July 27, 2004, United States Patent No. 6,766,765 ("the '765 patent"), entitled "Indexed Feed Dispensing Mechanism" was duly and legally issued to CTB IP, Inc., as assignee. A copy of the '765 patent is attached hereto as Exhibit D.

**ANSWER**:   Marting lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

19.   CTB IP, Inc. assigned the '765 patent to CTB, Inc. A true and accurate copy of that patent assignment is attached hereto as Exhibit C.

**ANSWER**:   Marting lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

20.   Possessing all substantial rights to the '765 patent and the '765 patent being in full force and effect, CTB has the right to sue for any infringement thereof.

**ANSWER**:   Marting lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

21.   Upon information and belief, Marting is infringing the '765 patent, either directly or contributorily, by making, using, selling, offering for sale, or supplying indexed feed dispensing mechanisms, including indexed rectangular Hog Feeders sold or offered for sale under the name Smidley, or actively inducing the infringement of the '765 patent by making, using, selling or offering for sale such indexed feed dispensing mechanisms, all in violation of 35 U.S.C. § 271 et seq., and will continue to do so unless enjoined by this Court.

**ANSWER**:   Marting denies the allegations in this paragraph because they are untrue.

22. By reason of Marting's acts of infringement, CTB has suffered and is suffering damages, including impairment of the value of the '765 patent, in an amount yet to be determined.

**ANSWER**: Marting denies the allegations in this paragraph because they are untrue.

23. Marting's acts of infringement are causing irreparable harm to CTB and will continue to cause irreparable harm unless enjoined by this Court.

**ANSWER**: Marting denies the allegations in this paragraph because they are untrue.

24. Upon information and belief, Marting's continued infringement of the '765 patent is willful and justifies a trebling of damages pursuant to 35 U.S.C. § 284. Further, this is an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

**ANSWER**: Marting denies the allegations in this paragraph because they are untrue.

### COUNT III

### Infringement of United States Patent No. 6,976,450

25. CTB hereby incorporates by reference the allegations set forth in paragraphs 1 through 24 as if fully set forth herein.

**ANSWER**: Marting incorporates by reference all preceding paragraphs.

26. On December 20, 2005, United States Patent No. 6,976,450 ("the '450 patent") entitled "Indexed Feed Dispensing Mechanism" was duly and legally issued to CTB IP, Inc., as assignee. A copy of the '450 patent is attached hereto as Exhibit E.

**ANSWER**: Marting lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

27.     CTB IP, Inc. assigned the '450 patent to CTB, Inc. A true and accurate copy of that patent assignment is attached hereto as Exhibit C.

**ANSWER**:     Marting lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28.     Possessing all substantial rights to the '450 patent and the '450 patent being in full force and effect, CTB has the right to sue for any infringement thereof.

**ANSWER**:     Marting lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

29.     Upon information and belief, Marting is infringing the '450 patent, either directly or contributorily, by making, using, selling, offering for sale, or supplying indexed feed dispensing mechanisms, including indexed rectangular Hog Feeders sold or offered for sale under the name Smidley, or actively inducing the infringement of the '450 patent by making, using, selling or offering for sale such indexed feed dispensing mechanisms, all in violation of 35 U.S.C. § 271 et seq., and will continue to do so unless enjoined by this Court.

**ANSWER**:     Marting denies the allegations in this paragraph because they are untrue.

30.     By reason of Marting's acts of infringement, CTB has suffered and is suffering damages, including impairment of the value of the '450 patent, in an amount yet to be determined.

**ANSWER**:     Marting denies the allegations in this paragraph because they are untrue.

31.     Marting's acts of infringement are causing irreparable harm to CTB and will continue to cause irreparable harm unless enjoined by this Court.

**ANSWER**:     Marting denies the allegations in this paragraph because they are untrue.

7

32. Upon information and belief, Marting's continued infringement of the '450 patent is willful and justifies a trebling of damages pursuant to 35 U.S.C. § 284. Further, this is an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

**ANSWER**: Marting denies the allegations in this paragraph because they are untrue.

## COUNT IV

### Infringement of United States Patent No. 7,134,402

33. CTB hereby incorporates by reference the allegations set forth in paragraphs 1 through 32 as if fully set forth herein.

**ANSWER**: Marting incorporates by reference all preceding paragraphs.

34. On November 14, 2006, United States Patent No. 7,134,402 ("the '402 patent"), entitled "Method of Constructing an Indexed Feed Dispensing Mechanism" was duly and legally issued to CTB 1P, Inc., as assignee. A copy of the '402 patent is attached hereto as Exhibit F.

**ANSWER**: Marting lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

35. CTB IP, Inc. assigned the '402 patent to CTB, Inc. A true and accurate copy of that patent assignment is attached hereto as Exhibit C.

**ANSWER**: Marting lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

36. Possessing all substantial rights to the '402 patent and the '402 patent being in full force and effect, CTB has the right to sue for any infringement thereof.

**ANSWER**: Marting lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

37. Upon information and belief, Marting is infringing the '402 patent, either directly or contributorily, by making, using, selling, offering for sale, or supplying indexed feed dispensing mechanisms, including indexed rectangular Hog Feeders sold or offered for sale under the name Smidley, or actively inducing the infringement of the '402 patent by making, using, selling or offering for sale such indexed feed dispensing mechanisms, all in violation 0135 U.S.C. § 271 et seq., and will continue to do so unless enjoined by this Court.

**ANSWER**:    Marting denies the allegations in this paragraph because they are untrue.

38. By reason of Marting's acts of infringement, CTB has suffered and is suffering damages, including impairment of the value of the '402 patent, in an amount yet to be determined.

**ANSWER**:    Marting denies the allegations in this paragraph because they are untrue.

39. Marting's acts of infringement are causing irreparable harm to CTB and will continue to cause irreparable harm unless enjoined by this Court.

**ANSWER**:    Marting denies the allegations in this paragraph because they are untrue.

40. Upon information and belief, Marting's continued infringement of the '402 patent is willful and justifies a trebling of damages pursuant to 35 U.S.C. § 284. Further, this is an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

**ANSWER**:    Marting denies the allegations in this paragraph because they are untrue.

WHEREFORE, Marting respectfully requests that this Court dismiss with prejudice CTB's claims for patent infringement and award Marting recovery of its costs and

9

expenses (including attorneys' fees under 35 U.S.C § 285) incurred in responding to this claim, together with all other relief that this Court deems just and equitable under the circumstances.

## AFFIRMATIVE DEFENSES

Defendant Marting Mfg. of Iowa, Inc. states that it may rely upon the following affirmative defenses at trial in this matter:

1. Marting has not infringed any valid or enforceable claims of the '913 Patent, the '765 Patent, the '450 Patent, or the '402 Patent (the "Patents-in-Suit").

2. The claims of the Patents-in-Suit may be invalid because they fail to satisfy the requirements of 35 U.S.C. §§ 102,103, and/or 112.

3. CTB's claims are barred, in whole or in part, by the doctrines of laches, estoppel or acquiescence.

4. Marting reserves the right to add additional affirmative defenses as they become known during the course of discovery.

## RELIANCE ON JURY DEMAND

Defendant Marting Mfg. of Iowa, Inc. relies on the jury demand filed by CTB, Inc. in this matter.

Dated: November 23, 2009
/s/   Janet Ramsey
Janet Ramsey (#23362-49-01)
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon Street, N.W.
Grand Rapids, Michigan  49503
(Phone) 616-752-2736
(Fax) 616-222-2736
jramsey@wnj.com

James Moskal
Warner Norcross & Judd LLP
900 Fifth Third Center

        111 Lyon Street, N.W.
        Grand Rapids, Michigan  49503
        (Phone) 616-752-2736
        (Fax) 616-222-2736
        Attorneys for Defendant
        jmoskal@wnj.com

        Attorneys for Defendant

082999.082999 GR1729972-2