UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CTB, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 3:09-CV-375-JVB-CAN |
| ) | |
| MARTING MFG. OF IOWA, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

On September 3, 2014, Plaintiff, CTB, Inc. ("CTB"), filed its Request for Status Conference. CTB's motion includes no indication of whether Defendant, Marting Mfg. of Iowa, Inc., concurs that a status conference is necessary. However, given the age and history of this case, the Court addresses CTB's motion before the response period under N.D. Ind. L.R. 7-1 passes.

In its motion, CTB highlights the most recent events in these lengthy proceedings and suggests that additional discovery is needed to resolve this case. Previous orders of this Court established that all discovery, including both fact and expert discovery, ended on May 15, 2013. On July 1, 2013, approximately six weeks after the close of discovery, the undersigned entered a bright-line notice because no non-dispositive motions were pending suggesting that the parties were ready to proceed to the summary judgment stage of litigation, and possibly even to trial. The presider, Judge Van Bokkelen, then held two telephonic conferences, one on July 25, 2013, and the other on September 24, 2013, discussing the status of the case at that time. The presiding judge's docket entry following the September 24, 2013, conference states: "Parties advise the Court that settlement efforts have broken down. The Court to issue an order referring

this case back to Magistrate Christopher A. Nuechterlein to conduct expedited discovery." Doc. No. 62.  There were no further filings until almost five months later on February 12, 2014, when the presider issued an order "refer[ring] this case to Judge Nuechterlein for determination of non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and N.D. Ind. L.R. 72-1."  Doc. No. 63.  Almost six more months passed without any filings.  Now CTB seeks a conference with the undersigned after having contacted the presiding judge's chambers about the proper course of action in light of the February 2014 referral order.

After reviewing the docket, including the February 2014, referral order, the undersigned can only assume that CTB desires direction from the Court regarding the conduct of the expedited discovery referenced in Doc. No. 62.  However, the content of CTB's instant motion does not confirm this suspicion.  Moreover, the instant motion does not identify specifically any non-dispositive matters that may require the Court's attention.  Without such information, a status conference is premature.  Therefore, the Court **DENIES WITHOUT PREJUDICE** CTB's motion for a status conference. [Doc. No. 64].

Nevertheless, in light of CTB's contact with the presiding judge's chambers and their request in the  instant motion, the undersigned recognizes the apparent need to assist the parties in propelling discovery forward.  As a result, the Court **ORDERS** the parties to meet and confer to discuss any remaining discovery matters as well as proposed deadlines for the completion of any such discovery.  In addition, the Court **ORDERS** the parties to file a joint status report reflecting the results of their meeting by **September 15, 2014**.  The parties' status report must include a proposed plan for any necessary discovery going forward.  Any disputes between the parties as to the details of the proposed plan should also be highlighted in their status report.  The

Court will determine what, if any, further action is required after reviewing the joint status report.

**SO ORDERED.**

Dated this 4th day of September, 2014.

S/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge
